43 F.3d 1474
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Vestor EVANS, Defendant/Appellant.
 No. 94-1165.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 15, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Vestor Evans pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). The written plea agreement stated that both Evans and the government agreed that he should receive a three level reduction for acceptance of responsibility pursuant to Sec. 3E1.1 of the Sentencing Guidelines. The district court, however, determined that Evans' pre-trial conduct was not consistent with acceptance of responsibility and, thus, he was not entitled to any reduction. We review this determination for clear error. United States v. Yanez, 985 F.2d 371, 374 (7th Cir.1993).
 
 
 2
 The sole issue on appeal is whether the district court erred in denying Evans a three level reduction for acceptance of responsibility. The record supports the district court's finding. Evans was convicted of a felony in 1980. In a domestic dispute in 1992, Evans took a gun away from his girlfriend and put it in his pocket. After determining that no legal defense was available to him, Evans pled guilty. While on pre-trial release, Evans failed to report for urine screening, failed to appear as directed by the pre-trial services officer, fled when deputy United States marshals attempted to arrest him on a violation warrant, used various aliases, and at the time of his arrest, possessed a stolen driver's license in another person's name.
 
 
 3
 For these activities, the district court enhanced Evans offense level by two for obstruction of justice. See U.S.S.G. Sec. 3C1.1. As Application Note 7 to Sec. 3E1.1 indicates, conduct constituting obstruction of justice ordinarily indicates that a defendant has not accepted responsibility. Although Evans admitted guilt before trial and pled guilty, evidence of acceptance may be outweighed by evidence of conduct that is inconsistent with such acceptance. U.S.S.G. Sec. 3E1.1 (n. 3). Based on Evans' conduct while on pre-trial release, we cannot say that the district court erred in denying Evans a three level reduction for acceptance of responsibility.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record